110 Mich. App. 175 (1981)
312 N.W.2d 200
In re SUTHERBY ESTATE.
WILLIAMS
v.
BEECHING.
Docket No. 52473.
Michigan Court of Appeals.
Decided October 6, 1981.
Horace W. Adams, for appellants.
Olds, Sievers, Mackinder, Dunton & Ward, for appellee.
Before: D.F. WALSH, P.J., and R.B. BURNS and D.E. HOLBROOK, JR., JJ.
D.E. HOLBROOK, JR., J.
Appellants appeal as of right from an order of the probate court admitting to probate decedent's holographic will.
In 1974, Weltha Sutherby executed a handwritten document that she entitled "last and only will". The will is dated, her signature appears at the end of the will and the material provisions of the will are in the handwriting of the testator. There is no question that the will of Weltha Sutherby is valid under the holographic will provisions of § 123 of Michigan's Revised Probate Code (RPC), MCL 700.123; MSA 27.5123, which reads as follows:
*177 "A will which does not comply with section 122 is valid as a holographic will, whether or not witnessed, if it is dated, if the signature appears at the end of the will and the material provisions are in the handwriting of the testator."
However, the RPC became effective on July 1, 1979, five years after the decedent executed her will. Weltha Sutherby died on August 23, 1979. There is no dispute that the document in question was not a valid will before the effective date of the RPC. Thus, the sole issue is whether a holographic will which was executed in 1974 is valid in Michigan as of August, 1979. The probate court found that the holographic will was valid under the laws of Michigan and admitted it to probate.
It is well settled that the right to make a testamentary disposition of property by means of a will is wholly statutory. In re Hill Estate, 349 Mich 38; 84 NW2d 457 (1957). In enacting the RPC, the Legislature anticipated the issue raised in this case. Section 992, which is the transition provisions of the RPC, MCL 700.992; MSA 27.5992, states in relevant part:
"(d) A rule of construction or presumption provided in this act applies to instruments executed before the effective date unless there is a clear indication of a contrary intent."
There is no language either in the text of the will or in the RPC that indicates any intent to waive application of § 123 to the document in question.
Additionally, the RPC provides for only a limited number of exceptions to the full application of the act in proceedings pending on its effective date or commenced thereafter. These are: (1) in the opinion of the court, the former procedure should *178 be made applicable in the interest of justice, MCL 700.992(a); MSA 27.5992(a); (2) in the opinion of the court, application of the RPC is infeasible, MCL 700.992(a); MSA 27.5992(a); (3) application of the RPC would impair any right which had accrued prior to its effective date, MCL 700.992(c); MSA 27.5992(c).
Taking these exceptions one at a time, we are not of the opinion that the interests of justice are served by application of the former requirements. In construing a will, justice requires that where it is possible, the decedent's intention as to the distribution of the estate should be given effect. In re Charlton Estate, 9 Mich App 625; 157 NW2d 821 (1968). Testacy is strongly favored over intestacy. Id. Accordingly, justice is best served by an application of the RPC so that the holographic will, which expresses the intentions of the deceased, is admitted to probate. There are also no circumstances here which would trigger the second exception, since there is nothing which makes this application of the RPC infeasible. Finally, application of the RPC would impair no right which has accrued prior to its effective date. A will is ambulatory; no right accrues in the estate of the testator until the time of death. In re Simon's Estate, 158 Mich 256; 122 NW 544 (1909). Hence, we find that these exceptions do not bar application of the holographic will provision of the RPC.
The transition provisions of the RPC are not ambiguous, so we will avoid further interpretation or construction of § 992. Charter Twp of Pittsfield v City of Saline, 103 Mich App 99; 302 NW2d 608 (1981). Since § 992(d) provides that the RPC applies to instruments executed before its effective date and since none of the exceptions preclude application of § 123, Weltha Sutherby's will was valid on August 23, 1979. The probate court is affirmed.
Affirmed.