*In re* FINLAY ESTATE

Docket No. 86826. Submitted April 15, 1986, at Detroit. Decided
September 8, 1986. Leave to appeal applied for.

The decedent, Linda Finlay, married John R. Finlay on June 22,
1967. John Finlay had four children from a prior marriage. On
May 13, 1978, Linda Finlay executed a will in which she made
some minor bequests and left the residue of her estate to her
husband or, in the event that he predeceased her, to her four
unadopted stepchildren, the respondents in this action. The
Finlays were divorced on February 20, 1979. Linda Finlay died
on December 23, 1984. John Finlay apparently did not prede-
cease her. Petitioners, Patricia Thomas and Jacquelynne Rus-
sell, the sisters of the decedent and her only heirs at law, filed
a petition in the Probate Court for the County of St. Clair on
March 13, 1985, seeking to admit the decedent's will, but
alleging that the decedent was intestate as to the residue of her
estate. On April 25, 1985, petitioners moved to withdraw their
March, 1985, petition and petitioned instead for the probating
of an intestate estate. Petitioners argued that the will had been
revoked in its entirety by implication of law upon the dece-
dent's divorce in 1979. Respondents objected to the petition and
both sides filed motions for summary disposition. The probate
court, R. Gerald Barr, J., determined that the former Probate
Code applied and concluded that decedent's will had been
revoked in its entirety upon her divorce. The court appointed
Patricia Thomas as the personal representative of decedent's
intestate estate. The respondents appeal from the probate
court's order.

The Court of Appeals *held:*

1. The applicable law in this case is the Revised Probate
Code, specifically § 124 of the Revised Probate Code. The pro-
bate court erred in applying the former Probate Code.

2. The judgment of divorce did not create or extinguish

REFERENCES

Am Jur 2d, Wills §§ 822 *et seq.,* 1222-1224.
Wills: validity of condition of gift depending on divorce or separa-
tion. 14 ALR3d 1219.

beneficiary rights to the decedent's estate since no such rights existed until her death.

3. The language "[a]n act done . . . in any proceeding" as used in subsection (c) of § 992 of the Revised Probate Code is intended to refer to orders, dispositions or rulings entered in probate proceedings only. The probate court erred as a matter of law in concluding that § 992(c) required application of the former Probate Code.

4. The Court of Appeals declined to review the probate court's application of the former Probate Code as one made to further "the interests of justice."

5. The Court of Appeals declined to enforce respondents' stipulation at the probate court level that the former Probate Code governed this action.

6. The decedent's divorce revoked only those provisions in her will which devise property to her former husband. The decedent's residuary property passes under the terms of her will as though John Finlay had predeceased her. The will provides that the residue of her estate pass to John Finlay's children, the respondents.

7. The bequest made to the respondents was not a class gift.
Reversed.

1. COURTS — PROBATE COURT — REVISED PROBATE CODE.
    The Revised Probate Code is to be fully applied in any proceeding pending on July 1, 1979, or commenced after that date; language contained in the Revised Probate Code to the effect that "[a]n act done before the effective date in any proceeding and any accrued right is not impaired by this act" is intended to refer to orders, dispositions or rulings entered in probate proceedings only (MCL 700.992, subds [a] and [c]; MSA 27.5992, subds [a] and [c]).

2. DEATH — BENEFICIARY'S RIGHT TO ESTATE.
    A beneficiary's right to an estate accrues only at the time of the decedent's death and not before.

3. COURTS — PROBATE COURT.
    The controlling law in a probate proceeding is the law which is in effect at the time the estate is probated.

4. COURTS — STIPULATIONS OF LAW.
    Stipulations of law are not enforceable or binding on the courts.

5. DEATH — REVISED PROBATE CODE — DECEDENT'S FORMER HUSBAND.
    The Revised Probate Code provides that a decedent's former husband is not treated as a former husband but as a prede-

ceased husband for purposes of construing and enforcing the decedent's will (MCL 700.124; MSA 27.5124).

*Touma, Watson, Nicholson, Whaling, Feltcher & DeGrow, P.C.* (by *Douglas S. Touma* and *Janet M. Castello*), for petitioners.

*Campbell, Kennan & Harry* (by *C. Daniel Harry*), for respondents.

Before: M. J. KELLY, P.J., and SHEPHERD and C. W. SIMON, JR.,* JJ.

M. J. KELLY, P.J. This is a case involving a contested will. Petitioners are the sisters of decedent, Linda L. Finlay, and her only heirs at law. Respondents are decedent's unadopted stepchildren from a former marriage and beneficiaries of the decedent's estate under the terms of a will executed by the decedent on May 13, 1978. By order of August 2, 1985, the probate court summarily held that the will had been revoked by the decedent's divorce from respondents' father and appointed Patricia Thomas as the personal representative of decedent's intestate estate. We reverse.

The decedent, Linda Finlay, married John R. Finlay on June 22, 1967. John Finlay had four children from a prior marriage. They are the respondents in this case. On May 13, 1978, Linda Finlay executed a will, nearly identical to a will executed at the same time by her husband, in which she made some minor bequests and left the residue of her estate to her husband or, in the event that he predeceased her, to her four stepchildren. The Finlays were divorced on February 20, 1979, pursuant to a default judgment incorporat-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

ing a property settlement. Linda Finlay died on December 23, 1984, at age forty-two, as the result of injuries sustained in an accident. As far as we can ascertain from the probate court record, John Finlay did not predecease her.

Petitioners, Patricia Thomas and Jacquelynne Russell, filed a petition in the probate court on March 13, 1985, seeking to admit the last will and testament of Linda Finlay, but alleging that the decedent was intestate as to the residue of her estate. On April 25, 1985, petitioners moved to withdraw their March, 1985, petition and petitioned instead for the probating of an intestate estate. Petitioners argued that the decedent's 1978 will had been revoked in its entirety by implication of law upon her 1979 divorce. Respondents objected to the petition and both sides filed motions for summary disposition. At a hearing conducted June 17, 1985, the probate court determined that the former Probate Code applied and concluded that under Michigan case law interpreting that code decedent's will had been revoked in its entirety upon her divorce from John Finlay. Respondents appeal as of right.

The threshold and dispositive issue in this case concerns the applicable law as being either the former Probate Code, or the Revised Probate Code (RPC), MCL 700.1 *et seq.;* MSA 27.5001 *et seq.* The RPC became effective July 1, 1979, prior to the decedent's death but after her divorce from John Finlay. Petitioners argue and the probate court agreed that the controlling law is that which was in effect at the time of the decedent's divorce. On appeal, respondents argue that the controlling law is that which was in effect at the time the estate was probated. We agree with the respondents and hold that the applicable law in this case is the RPC, specifically § 124, which provides in relevant part:

If after executing a will the testator is divorced or his marriage annulled, the divorce or annulment revokes any disposition or appointment of property made by the will to the former spouse, any provision conferring a general or special power of appointment on the former spouse, and any nomination of the former spouse as a personal representative, unless the will expressly provides otherwise. Property prevented from passing to a former spouse because of revocation by divorce passes as if the former spouse failed to survive the decedent and other provisions conferring some power or office on the former spouse are interpreted as if the spouse failed to survive the decedent. Provisions not revoked by any means except the operation of this subsection are revived by testator's remarriage to the former spouse. A decree of separation which does not terminate the status of husband and wife is not a divorce for purposes of this section. Any other change of circumstances does not revoke a will. [MCL 700.124(2); MSA 27.5124(2).]

The Legislature expressly provided that the RPC is to be fully applied in any proceeding pending on July 1, 1979, or commenced after that date. MCL 700.992(a); MSA 27.5992(a). See also *In re Humphrey Estate,* 141 Mich App 412, 434; 367 NW2d 873 (1985), lv den 423 Mich 854 (1985), *In re Cunningham Estate,* 131 Mich App 251, 253; 345 NW2d 681 (1983), and *In re Sutherby Estate,* 110 Mich App 175, 177; 312 NW2d 200 (1981). Since the probate proceeding in this case was commenced long after the effective date of the RPC, the provisions of that code apply.

Petitioners contend and the probate court held that this case comes under one of the statutory exceptions to the general rule of full application. MCL 700.992(c); MSA 27.5992(c) provides:

An act done before the effective date in any

proceeding and any accrued right is not impaired by this act. If a right is acquired, extinguished, or barred upon the expiration of a prescribed period of time which has commenced to run by the provisions of any statute before the effective date, the provisions shall remain in force with respect to that right.

Specifically, petitioners argue that under the former Probate Code, respondents' "rights" to the decedent's estate were "extinguished" at the time of the divorce, which was obtained prior to July 1, 1979, and were not revived under the provisions of the RPC. We disagree with this analysis.

Petitioners had no "rights" to the decedent's estate prior to her death since a beneficiary's right to an estate accrues only at the time of the decedent's death and not before. *In re Sutherby, supra,* p 178; *In re Cunningham, supra,* p 254. In fact, the decedent's divorce did not extinguish or create any rights to the estate which she subsequently left.

The probate court relied upon a different interpretation of MCL 700.992(c); MSA 27.5992(c) in refusing to apply the provisions of the RPC. The probate court held:

> The initial issue for the Court to resolve is the applicability of the Revised Probate Code, MCLA 700.124; MSA 27.5991 [sic], which section was adopted with an effective date of July 1, 1979. The parties stipulated and the Court finds that the Revised Probate Code was adopted with an effective date of six months subsequent to the divorce of the parties and is not controlling to determine the effect of the divorce upon the Last Will and Testament of the deceased. The transitional provisions of the revised Code, Section 992(c) provides, "any act done before the effective date in any proceeding and any accrued right is not impaired by this Act." It is clear from this provision that the intent of the Legislature was to not have the Act apply to proceedings already completed and

rights already determined. The divorce judgment having been entered on February 20, 1979, was a completed act and a legal proceedings [sic], and the new Code could not affect the rights determined at that time.

We disagree with this analysis for two reasons. First, it is readily apparent that the entry of a divorce judgment ("an act") in the prior divorce proceeding ("any proceeding") could not possibly be impaired by the probate court's application of the RPC in this probate action. That divorce judgment terminated the marriage between Linda and John Finlay and disposed of their marital property. Nothing in the RPC can change or impair the rights created under that judgment. And as we have already noted, the judgment of divorce did not create or extinguish "beneficiary rights" to the decedent's estate since no such rights existed until her death.

Second, we are convinced that the language "[a]n act done . . . in any proceeding" as used in subsection (c) of § 992 of the RPC is intended to refer to orders, dispositions or rulings entered in probate proceedings only. Our interpretation of this language is guided by our reading of § 992 in its entirety. As we and other panels of this Court have already held, subsection (a) of § 992 provides for general prospective application of the provisions of the RPC to "any proceedings in court" pending as of or commenced after July 1, 1979. We note that under MCL 700.3(7); MSA 27.5003(7), the term "court" as used throughout the RPC is intended to mean only probate court. Thus, subsection (a) of § 992 merely provides that the RPC shall govern probate proceedings pending as of its effective date or commenced thereafter. By itself, subsection (a) leaves some question as to the status of rulings, orders and dispositions made or entered prior to July 1, 1979, in probate proceedings pend-

ing at the time the RPC took effect. We view subsection (c) as the legislative response to this particular transitional void by providing that any act (order, disposition, ruling, etc.) already effected in a probate proceeding pending on July 1, 1979, need not be reviewed under the provisions of the RPC. This is not the situation presented in the instant case and the probate court thus erred as a matter of law in concluding that § 992(c) required application of the former Probate Code. Moreover, since there are little or no facts developed in the record below regarding the decedent's intent or regarding her relationship with her sisters or former stepchildren, we decline to review the probate court's application of the former Probate Code as one made to further "the interests of justice," MCL 700.992(a); MSA 27.5992(a), as argued by the petitioners.

Petitioners alternatively argue that the former Probate Code must be applied in the instant case because the respondents so stipulated at the probate court level. It is true that by the June 17, 1985, hearing, respondents' attorneys were expressly stipulating that the former probate law governed. We note, however, that respondents had initially relied upon the Revised Probate Code in asserting their rights under the decedent's will, therefore, the issue was before the probate court. In its findings and conclusions entered July 5, 1985, the probate court referred to the parties' stipulation but independently agreed that the former Probate Code applied. Although the parties did stipulate to the applicable law, it is also clear that the probate court rendered a separate ruling on the issue. Both are in error.

In any event, stipulations of law are not enforceable or binding on the courts:

> While, ordinarily, courts are bound by stipula-

tions of litigants, that rule cannot be invoked to bind or circumscribe a court in its determination of questions of law. It has generally been stated that the resolution of questions of law rests upon the court, uninfluenced by stipulations of the parties, and accordingly, virtually all jurisdictions recognize that stipulations as to the law are invalid and ineffective. The same rule applies to legal conclusions arising from stipulated facts. It has thus been held that it is not competent for the parties or their attorneys to determine by stipulation questions as to the existence or proper construction or application of a statute; as to the validity of a legislative enactment; or as to the validity or effect of a written instrument. And it has been held that whether the facts stipulated include all facts necessary to a decision is a question of law. Notwithstanding the right of a party to confess judgment as to demands of certain kinds, it is generally held that a mere stipulation of law as to the validity of a cause of action or defense is invalid. [73 Am Jur 2d, Stipulations, § 5, pp 539-540.]

Cases cited by the petitioners in their brief on appeal in support of the binding effect of the stipulation entered into in this case involve stipulations of fact or stipulations as to procedural matters and not stipulations of law. Since it is the responsibility of the courts of this state to correctly interpret and apply the law, we resolve this case under the provisions of the RPC. We further express a particular reluctance to enforce the stipulation in this case because the Legislature has expressly provided otherwise and, regardless of what the parties agree to, the significant intent and the intent to be effected in this case is the decedent's.

Under MCL 700.124; MSA 27.5124, the decedent's divorce revoked only those provisions in her

will which devise property to her former husband. The decedent's residuary property passes under the terms of her will as though John Finlay had predeceased her. Under Article IV of the decedent's will, the residue of her estate is to pass to John Finlay's children who are the respondents in this proceeding.

Petitioners' final argument is that the bequest to respondents under Article IV of decedent's will constitutes a class gift rather than a bequest to individuals. Petitioners argue that since the decedent had no husband at the time of her death, the class known as her husband's children did not exist and the residue of her estate must therefore pass intestate. We reject petitioners' analysis for two reasons. First, we are not persuaded that the bequest made to respondents in Article IV constitutes a class gift. Each of the stepchildren are individually named. The decedent further provided that in the event that any of her stepchildren predeceased her, the share of that stepchild was to pass per stirpes to his or her children. There is absolutely no evidence to suggest that the decedent intended Article IV to be a class gift. 80 Am Jur 2d, Wills, § 1410, p 484, adopted in *In re Brown's Estate,* 324 Mich 264, 267-268; 36 NW2d 912 (1949). Second, had Article IV of the decedent's will described a class gift, we would be inclined to hold that petitioners' argument is without merit given the plain language of MCL 700.124; MSA 27.5124. Pursuant to that statute, the decedent's former husband is not treated as a former husband but as a predeceased husband for purposes of construing and enforcing the decedent's will.

The probate court erred in applying former probate law in this proceeding. We remand this case for further proceedings consistent with this opinion and with the Revised Probate Code.

Reversed.