DANIELS v DANIELS

Docket No. 88468. Submitted March 5, 1987, at Lansing. Decided January 20, 1988.

Plaintiff, Georgia R. Daniels, and defendant, Jimmy R. Daniels, were divorced by order of the Genesee Circuit Court, Phillip C. Elliott, J. Custody of the parties' minor son was granted to plaintiff, with defendant being granted generous visitation rights. The court also provided that, subject to certain conditions, defendant would have to pay plaintiff's tuition if she chose to pursue a college education. No alimony was ordered and plaintiff was not awarded any portion of the value of defendant's dental school degree, which he earned during the marriage. Defendant was ordered to pay $3,000 of plaintiff's attorney fees. Plaintiff appealed.

The Court of Appeals *held:*

1. The court erred in ordering defendant to have the parties' child for more than three months per year without making findings of fact regarding the best interest of the child.

2. Plaintiff's claim that the trial court abused its discretion in failing to award plaintiff any portion of defendant's dental degree requires a remand to the trial court for the court to make an evaluation of defendant's dental degree and to award plaintiff a portion of that value, either as part of the property settlement or as alimony.

3. The court's failure to make specific findings of fact on plaintiff's entitlement to alimony requires remand to the trial court for it to make such findings.

4. There is no clear abuse of discretion in the court's awarding the amount of child support awarded in the divorce judgment.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 894, 897-899, 932, 1018, 1019.

Am Jur 2d, Parent and Child §§ 41, 42, 43.

Spouse's professional degree or license as marital property for purposes of alimony, support, or property settlement. 4 ALR4th 1294.

5. The trial court did not abuse its discretion in ordering defendant to pay only $3,000 of plaintiff's attorney fees.

6. On remand, the matter should be heard by a different judge.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD — FINDINGS OF FACT.

A trial court in deciding a child custody matter must consider and state its findings on each of the statutory best interest factors; failure to make specific findings is error requiring reversal (MCL 722.23; MSA 25.312[3]; MCR 2.517[A][1]).

2. DIVORCE — MARITAL PROPERTY — POSTGRADUATE DEGREES.

The value of a postgraduate degree obtained by one spouse during the marriage as an end product of a concerted family effort to which both spouses contributed is subject to division upon divorce and should be considered as a factor in awarding alimony.

3. DIVORCE — ALIMONY — PROPERTY SETTLEMENT.

The factors to be taken into consideration in determining a party's entitlement to alimony are: (1) the duration of the marriage, (2) the contributions of the parties to the joint estate, (3) the ages of the parties, (4) their health, (5) their stations in life, (6) the necessities and circumstances of the parties, and (7) the earning abilities of the parties.

4. PARENT AND CHILD — CHILD SUPPORT — PARENT'S INCOME.

The fact that a parent is voluntarily earning less than is possible is not an adequate reason for ordering child support at a rate much higher than the parent's actual income would dictate, absent bad faith or willful disregard for the interests of the dependent children.

*Mansour, Rizik, Resteiner & Cronin* (by *Anthony J. Mansour*), for plaintiff.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and M. STEMPIEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from

* Circuit judge, sitting on the Court of Appeals by assignment.

the judgment of divorce granted after a bench trial before Genesee Circuit Judge Phillip C. Elliott.

Plaintiff and defendant were married on December 21, 1974, when defendant was in his second or third year of college and plaintiff was eighteen years old. Plaintiff and defendant agreed that defendant would continue his education to become a dentist while plaintiff worked to support them. Then, when defendant was through with his education and established as a dentist, plaintiff would pursue her education to become an attorney. Plaintiff worked full time during the eight years defendant was completing his undergraduate and professional degrees. Upon graduation from dental school, defendant worked with a dentist in Kalamazoo and planned to eventually purchase the dentist's practice. After thirteen months, defendant was not satisfied with the prospect and abandoned the practice. He became employed by Convenient Family Dentistry in Flint just after the parties' child, William Ross, was born on July 28, 1983. However, in October, 1984, defendant accepted a commission as a dentist in the United States Army, and the family moved to Clarksville, Tennessee. His gross pay from the Army was $31,000 per year. According to testimony, defendant took the Army position, which paid less money than he could receive in private practice, because he found himself attracted to his dental assistant at the Convenient Family Dentistry and wanted to avoid becoming involved with her. Plaintiff found out later that defendant called the assistant numerous times from Tennessee. Plaintiff filed a complaint for divorce on December 7, 1984. The trial was held on September 10, 11, and 23, 1985. At the time of the trial, plaintiff was twenty-nine years old and had not yet pursued her law degree.

At the end of the trial, the court made written findings of fact and conclusions of law which were incorporated into the judgment of divorce. The court awarded custody of William to plaintiff. However, he awarded defendant visitation with William according to the following schedule: (1) December 27 to January 1 of each year; (2) each February, June, and October of every year until William is enrolled in kindergarten; (3) the second and fourth weekend of each January, April, May August, and September until he attends school; (4) the last two weeks of June, all of July, and the first two weeks of August each year after he is enrolled in school; and (5) any other or different times that the parties agree upon. Defendant was ordered to pay $100 per week in child support. This support was to abate at the rate of $14 per day for any period when William was with defendant for seven or more consecutive days. The court awarded each party the personal property of which each currently had possession and ordered that neither party was to get alimony. The court stated in the judgment that it was unrealistic for plaintiff to become a lawyer. Nevertheless, the court ordered that if plaintiff enrolled in college in Michigan by January 1, 1987, defendant was to pay or reimburse her for tuition.[1]

On appeal, plaintiff first claims that the court

---

[1] The provision for tuition, which is rather confusing, is as follows:

PLAINTIFF'S TUITION

The Court finds that Plaintiff is not entitled to alimony and that it is unrealistic for her to plan upon becoming a lawyer. However, if Plaintiff attends any college in Michigan by January 1, 1987, the Defendant IS HEREBY ORDERED AND ADJUDGED to pay, or reimburse, the full cost of the tuition. Thereafter, he shall also pay or repay the tuition of any college courses in which Plaintiff is enrolled as a student by September 20, 1995 unless for a period of six months or more she has not been enrolled in and has attended any college. In other words, if she

erred in failing to make specific findings of fact regarding child custody and visitation. In particular, plaintiff claims that the court erred in ordering defendant to have William for over three months per year without making findings of fact regarding the best interest of the child. We agree. The Child Custody Act of 1970 applies to disputed actions in which child custody, support, or visitation is at issue. MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.* When the dispute is between parents, the best interest of the child shall control. MCL 722.25; MSA 25.312(5). MCL 722.23; MSA 25.312(3) sets forth the factors to be taken into account in determining the best interest of the child. In deciding a custody matter, the trial court must consider and state its findings on each of the statutory best interest factors. *Arndt v Kasem,* 135 Mich App 252, 255; 353 NW2d 497 (1984). Failure to make specific findings is error requiring reversal. *Currey v Currey,* 109 Mich App 111, 118; 310 NW2d 913 (1981). Furthermore, the trial court is required by MCR 2.517(A)(1), formerly GCR 1963, 517.1 to make definite findings of fact and to state its conclusions of law. This duty extends to the determination and explicit consideration of each of the best interest factors. *Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977). In the instant case, the court set forth the custody and visitation provision of the judgment of divorce without making specific findings of fact and, particularly, without making findings of fact relative to each of the factors in

starts college education by January 1, 1987, he will be required to pay her tuition fees over the next ten years, but if she fails to start by January 1, 1987; of [sic] if, after she starts, she is not enrolled and attending for a period of six months, Defendant will no further have any obligation even if she enrolls and attends later. It does not matter whether she is a full-time or part-time student or where she lives or goes to college so long as it is in Michigan.

MCL 722.23; MSA 25.312(3). This was error requiring reversal. *Currey, supra.*

Next, plaintiff claims that the trial court abused its discretion in failing to award plaintiff any portion of the value of defendant's dental degree. We find that this issue also requires a remand to the trial court for the court to make an evaluation of the value of defendant's dental degree and to award plaintiff a portion of that value, either as part of the property settlement or as alimony. An advanced degree has been held to be a marital asset, to be distributed to the parties as property. *Woodworth v Woodworth,* 126 Mich App 258; 337 NW2d 332 (1983), lv den 419 Mich 856 (1984). Subsequent decisions have held that an advanced degree is not necessarily a marital asset, but should be considered as a factor in awarding alimony. *Olah v Olah,* 135 Mich App 404; 354 NW2d 359 (1984); *Wilkins v Wilkins,* 149 Mich App 779; 386 NW2d 677 (1986). In the instant case, the trial court awarded no alimony to plaintiff and did not award plaintiff a portion of the value of the dental degree in the property settlement. Yet the degree was the primary item of property acquired by the parties during the marriage and the determination of plaintiff's share of the value of the degree was the primary issue at the trial. Plaintiff worked for eight years so that defendant could earn the degree and increase the standard of living for both parties. During that time, plaintiff gave up the opportunity to pursue her own education. It is clear that attainment of the degree was a joint effort, not defendant's individual project. Under the circumstances, we feel that the failure of the trial court to evaluate defendant's dental degree and to award plaintiff a portion of the value of the degree, either in the property settlement or as alimony, constitutes an abuse of discretion.

In addition, the court did not make any findings of fact on plaintiff's entitlement to alimony. The factors to be taken into consideration in determining a party's entitlement to alimony are: (1) the duration of the marriage, (2) the contributions of the parties to the joint estate, (3) the ages of the parties, (4) their health, (5) their stations in life, (6) the necessities and circumstances of the parties, and (7) the earning abilities of the parties. *Parrish v Parrish,* 138 Mich App 546, 557; 361 NW2d 366 (1984). In the instant case, the court made the general statement that "neither party is entitled to alimony" without making specific findings of fact as to the seven factors. This requires remand to the trial court for it to make such findings.

Plaintiff next claims that the trial court abused its discretion in making its decision as to the child support and child custody provisions. First, plaintiff claims that the court should have awarded plaintiff child support on the basis of defendant's earning capacity rather than on his current earnings as a dentist in the Army. The court is not limited to considering a parent's actual income, but can consider unexercised earning potential. *Dunn v Dunn,* 105 Mich App 793, 798; 307 NW2d 424 (1981). However, absent bad faith or willful disregard for the interests of the dependent children, the fact that a parent is voluntarily earning less than is possible is not an adequate reason for ordering child support at a rate much higher than the parent's actual income would dictate. *Dunn, supra,* pp 798-799. There is no evidence that defendant's current employment, although at a salary less than he had previously earned, was obtained in disregard of his son's needs. Plaintiff claims that the evidence at trial supported her contention that the defendant's decision to enter the Army and reduce his income was in bad faith in antici-

pation of the divorce. The court was in a position to hear the testimony and determine the credibility of the witnesses on this issue. We do not find a clear abuse of discretion in the court's awarding the amount of the child support awarded in the judgment of divorce.

As we have already determined that remand is required for the trial court to make findings of fact according to the best interest of the child, we are unable to reach plaintiff's issue that the trial court abused its discretion in its child custody provision.

Plaintiff next claims that the trial court abused its discretion in its awarding her only $3,000 in attorney fees. Plaintiff requested that she be awarded $10,000, the amount of attorney fees incurred by her in pursuing temporary custody and support. Plaintiff claims that defendant objected to plaintiff's receiving temporary custody and support and, by filing frivolous and unreasonable motions, caused her to incur $10,000 in attorney fees. After a review of all the documents filed in the lower court, we cannot conclude that all plaintiff's attorney fees were a result of defendant's unreasonable or frivolous objections to plaintiff's motion. Therefore, we cannot say that the trial court's awarding of $3,000 in attorney fees was an abuse of discretion.

Finally, plaintiff claims that retrial should be before a different judge. We agree that, to guard against possible bias against plaintiff, retrial should be before a different judge.

The decision of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.

D. E. HOLBROOK, JR., concurred in the result only.