*In re* JARRELL

Docket No. 100016. Submitted June 7, 1988, at Lansing. Decided
     August 5, 1988.
     The Department of Social Services petitioned in the Wayne
        County Probate Court for an order terminating the parental
        rights of respondents, Viola Baldridge and James Hawthorne,
        in their children, James and William Jarrell. The petitioner
        then moved to remove James Jarrell from the petition and
        dismiss the proceedings with regard to him. The attorneys for
        Baldridge, the children's father and the children concurred.
        The referee took the motion under advisement but never
        mentioned it when concluding that the respondents' parental
        rights in both children should be terminated. The probate
        court, Y. Gladys Barsamian, J., denied Baldridge's petition for
        review and ordered respondents' parental rights in both chil-
        dren terminated. Baldridge appealed.
        The Court of Appeals *held:*
        1. The referee should have removed James Jarrell from the
        petition and dismissed the proceedings with regard to him,
        pursuant to the parties' stipulation. The order is reversed with
        regard to James Jarrell.
        2. The probate court's findings were not clearly erroneous.
        Clear and convincing evidence supported the termination of
        parental rights in regard to William Jarrell.
        Affirmed in part, reversed in part and remanded.

1. Courts — Stipulations.
     Courts are generally bound by stipulations by litigants except for
        questions of law.

2. Parent and Child — Termination of Parental Rights — Ap-
     peal.
     The statutory grounds for the termination of parental rights
        must be established by clear and convincing evidence; a clearly

References
Am Jur 2d, Parent and Child §§ 34, 35.
Am Jur 2d, Stipulations § 5.
Validity of state statute providing for termination of parental
rights. 22 ALR4th 774.

erroneous standard is used to review a probate court's findings in termination of parental rights proceedings.

*Carolyn A. Blanchard,* for the minor children.

*Richard R. Harris,* for Viola Baldridge.

Before: DANHOF, C.J., and SAWYER and D. R. FREEMAN,* JJ.

PER CURIAM. Respondent Viola Baldridge appeals as of right from a Wayne County Probate Court order which terminated her parental rights in her children, James and William Jarrell. We affirm the order with respect to William, but reverse it with respect to James.

Respondent's first claim is that James should have been dismissed from the case pursuant to the parties' stipulation. At the beginning of the adjudication hearing on a petition which requested that the court take permanent custody of the children, petitioner moved to remove James from the petition and dismiss the proceedings with regard to him. The attorneys for respondent, the children's father and the children concurred. The hearing referee stated that he would take the motion under advisement and deal with it when the case was completed. The motion was never again mentioned by the referee, who concluded that respondent's parental rights in James and William should be terminated pursuant to MCL 712A.19a, subds (b), (e), and (f); MSA 27.3178(598.19a), subds (b), (e), and (f). The probate court denied respondent's petition for review, apparently without considering this issue.

Except for questions of law, courts are ordinarily bound by litigants' stipulations. *In re Finlay Es-*

* Circuit judge, sitting on the Court of Appeals by assignment.

*tate,* 154 Mich App 350, 357-358; 397 NW2d 307 (1986), lv gtd 428 Mich 909 (1987). Petitioner concedes that respondent is correct on this issue. We agree. The referee should have removed James from the petition and dismissed the proceedings with regard to him, pursuant to the parties' stipulation. The order terminating respondent's parental rights and placing the children in the permanent custody of the probate court is reversed with regard to James.

Respondent's second claim is that the termination of her parental rights was not supported by clear and convincing evidence. The statutory grounds for the termination of parental rights must be established by clear and convincing evidence. *In re Schejbal,* 131 Mich App 833, 836; 346 NW2d 597 (1984). A clearly erroneous standard is used to review a probate court's findings in termination of parental rights proceedings. *In re Cornet,* 422 Mich 274, 277; 373 NW2d 536 (1985); *In re Sterling,* 162 Mich App 328, 343; 412 NW2d 284 (1987). The record demonstrates that the probate court's findings were not clearly erroneous. Clear and convincing evidence supported the termination of parental rights under MCL 712A.19a, subds (b), (e), and (f); MSA 27.3178(598.19a), subds (b), (e), and (f).

Affirmed with respect to William, reversed with respect to James and remanded.