BECKETT v BECKETT

Docket No. 114648. Submitted April 4, 1990, at Detroit. Decided November 5, 1990, at 9:15 A.M.

Brenda L. Beckett sought and was granted a divorce from Robert A. Beckett by the Oakland Circuit Court, Jessica R. Cooper, J. The defendant appealed, raising questions related to the trial court's division of the marital assets and the award of alimony.

The Court of Appeals *held:*

The Court of Appeals is required in divorce cases to accept the trial court's factual findings unless those findings are clearly erroneous. Thus, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, the Court of Appeals may not reverse.

1. The trial court's denial of the defendant's claim of an interest in the improvements made on the marital residence was based on the fact that the improvements were made prior to the plaintiff's acquisition of an ownership interest in the property and the absence of expert testimony regarding the value of the improvements. These reasons are incorrect. The improvements were made in expectation of the plaintiff's acquisiton of a title interest in the property, and the parties stipulated that the value of the improvements was $7,900. Equity demands that the defendant be awarded a one-half interest in those improvements.

2. Since the defendant contributed a substantial portion of the parties' living expenses while the plaintiff was attending law school, and since the $5,000 requested by him in the trial court as his interest in plaintiff's law degree was less than one-half of the amount by which the plaintiff's salary exceeded the defendant's in 1988, the trial court should have treated that amount as an equitable valuation of the defendant's share of the earnings made possible by the plaintiff's degree.

3. The trial court's view of the evidence relative to the valuation of a computer was plausible.

4. The trial court did not abuse its discretion in refusing to

References

Am Jur 2d, Divorce and Separation §§ 892, 898.

Spouse's professional degree or license as marital property for purposes of alimony, support, or property settlement. 4 ALR4th 1294.

permit the defendant to submit proofs inconsistent with a pretrial order which the defendant did not challenge or dispute.

Affirmed in part, reversed in part and remanded.

MICHAEL J. KELLY, J., concurred with the majority except with respect to the issue of the award to the defendant of an equitable interest in the plaintiff's law degree. He would hold that the issue is close and that the trial court's findings regarding that issue were plausible and should be affirmed.

1. DIVORCE — APPEAL — FINDINGS OF FACT.

The Court of Appeals, in reviewing in a divorce case, must accept the trial court's factual findings unless those findings are clearly erroneous; thus, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, the Court of Appeals may not reverse.

2. DIVORCE — PROPERTY SETTLEMENTS — IMPROVEMENTS TO PROPERTY.

Equity requires that a party to a divorce be given credit in the division of the marital assets for contributions for improvements made to the home in which the couple lived, even though at the time the improvements were made the property was not yet owned by the spouse of the party seeking the credit, where the improvements were made in anticipation that title would eventually lie in the spouse.

3. DIVORCE — MARITAL PROPERTY — ALIMONY — ADVANCED DEGREES.

Fairness dictates that the spouse in a divorce action who did not earn an advanced degree be compensated whenever the advanced degree is the end product of a concerted family effort involving mutual sacrifices and effort by both spouses.

*Prather & Foley, P.C.* (by *James R. Sterns*), for the plaintiff.

*Joseph R. Daiek,* for the defendant.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and SHEPHERD, JJ.

GRIBBS, P.J. Defendant appeals as of right following entry of the parties' judgment of divorce by the Oakland Circuit Court. We reverse in part and affirm in part.

In dividing marital assets, a court should seek a

fair and equitable distribution. *Hatcher v Hatcher,* 129 Mich App 753; 343 NW2d 498 (1983). This Court is required to accept the trial court's factual findings unless those findings are clearly erroneous. *Beason v Beason,* 435 Mich 791, 803; 460 NW2d 207 (1990). "Thus, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, the Court of Appeals may not reverse." *Id.*

The trial court has great discretion in the adjustment of property rights upon divorce. The objective in arriving at a property settlement is to reach a fair and equitable division in light of all the circumstances. *Bone v Bone,* 148 Mich App 834, 838; 385 NW2d 706 (1986). There are no set mathematical formulas governing a division of property. The division does not have to be equal, but it must not be inequitable. *Id.* With these principles in mind, we find that the trial court incorrectly denied defendant an interest in the $7,900 capital improvements on the property owned by plaintiff.

The trial court in this case denied defendant's claim on two grounds: because the improvements were made prior to plaintiff's becoming part owner of the property and because defendant did not present expert testimony on the value of the improvements. We believe both of these reasons were incorrect. Although plaintiff did not actually obtain title to the property until after completion of the improvements, both parties admitted that, at the time the improvements were made, they knew that plaintiff and her sister would eventually be given title to the property. Moreover, since the parties stipulated that the value of the improvements was $7,900, the trial court should have accepted the parties' stipulation. *In re Jarrell,* 172 Mich App 122, 123-124; 431 NW2d 426 (1988).

It is true, as plaintiff argues, that defendant lived on the property rent-free during the marriage. However, plaintiff, who did not yet own the property, also lived there rent-free. We do not believe it is equitable for plaintiff to gain the full benefit of the improvements made during the marriage to property that was ultimately deeded to plaintiff and her sister. Accordingly, we reverse the trial court's ruling on this issue and award defendant one-half the stipulated value of the improvements, $3,950.

Defendant also challenges the trial court's failure to award defendant any interest in plaintiff's law degree, earned during the marriage. The trial court ruled that defendant was not entitled to any interest in plaintiff's degree because no expert testimony had been presented concerning the degree's value. Furthermore, the trial court noted that equitable considerations did not entitle either party to alimony since the marriage lasted less than five years and since both parties had advanced degrees and both earned substantial incomes. It appears from the unrebutted evidence that defendant paid at least seventy percent of the parties' living expenses while plaintiff was in law school and that, at the time of the divorce, plaintiff's annual salary exceeded defendant's by approximately $14,000.

An advanced degree has been held to be a marital asset, to be distributed as property. *Woodworth v Woodworth,* 126 Mich App 258; 337 NW2d 332 (1983), lv den 419 Mich 856 (1984). Subsequent decisions have held that an advanced degree is not necessarily a marital asset, but should be considered as a factor in awarding alimony. *Daniels v Daniels,* 165 Mich App 726, 731; 418 NW2d 924 (1988); *Wilkins v Wilkins,* 149 Mich App 779, 789-790; 386 NW2d 677 (1986); *Olah v Olah,* 135 Mich

App 404; 354 NW2d 359 (1984). Fairness dictates that the spouse who did not earn an advanced degree be compensated whenever the advanced degree is the end product of a concerted family effort involving mutual sacrifice and effort by both spouses. *Woodworth, supra* at 261. Accord: *Thomas v Thomas (After Remand),* 164 Mich App 618, 623; 417 NW2d 563 (1987); *Lewis v Lewis,* 181 Mich App 1; 448 NW2d 735 (1989).

We are convinced that the trial court erred. It is uncontroverted that defendant provided most of the parties' support while plaintiff was in law school, and we believe he is entitled to a share of the earnings made possible by her degree. Defendant contends on appeal that he is entitled to $7,000, one-half of the amount plaintiff's salary exceeded his in 1988. However, the record reveals that he only requested $5,000 below and we believe that amount is equitable.

As to the division of the parties' personal property, we have reviewed the record and conclude that the trial court's view of the evidence is plausible. Accordingly, reversal is not permitted. *Beason, supra* at 805. The record does not support defendant's claim that the parties agreed to a lower value for the IBM computer or agreed that the plaintiff would pay defendant a $5,632 differential. Defendant did not dispute plaintiff's $4,500 valuation of the IBM computer at trial and cannot now complain merely because the trial court awarded the computer to him.

Lastly, the trial court did not abuse its discretion in not allowing defendant to submit proofs inconsistent with facts contained in the pretrial order, as he never moved to set aside that order and stated at trial that he did not dispute any facts therein.

We direct the trial court to amend the judgment

of divorce to reflect the award to defendant of one-half the stipulated value of the capital improvements, i.e. $3,950, and the award of $5,000 alimony. One-third of the total $8,950 award shall be payable twenty-eight days from release of this opinion. The remainder shall be payable over the next two years with interest computed following *Thomas v Thomas (On Remand)*, 176 Mich App 90; 439 NW2d 270 (1989).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

Shepherd, J., concurred.

Michael J. Kelly, J. *(concurring in part and dissenting in part).* I concur with the majority except as to the award of alimony for an equitable interest in plaintiff's law degree.

This is a close question; and, the amount being minimal, I would have had no problem affirming such an award if the trial court had awarded alimony to defendant for his efforts in support of plaintiff's earning her professional degree. However, I do not find error on this record because it is too close to call.

Even assuming some value to the law degree, we have no evidentiary support or testimony which compares that degree to the advanced degree obtained by the defendant husband during the relatively coextensive period. By his own admission, defendant contributed no direct financial support for the degree which was financed by the plaintiff through student loans and summer employment. Also we have no evidence pertaining to the parties' respective nonmonetary contributions to the family well-being. I am not convinced I would have

reached a different result. *Perrin v Perrin,* 169 Mich App 18; 425 NW2d 494 (1988). Also, the trial court's account of the evidence in this regard is plausible and we should therefore be guided by *Beason v Beason,* 435 Mich 791; 460 NW2d 207 (1990).

I concur in the award to defendant of one-half the value of the real estate improvements, $3,950, but dissent as to the alimony award.