48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee,
v.
DYNAMIC CONSTRUCTION COMPANY and Andrew M. Kowal,
Defendants-Appellants.
 Nos. 93-1640, 93-2105.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: NELSON, SUHRHEINRICH and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 On January 7, 1993, the district court granted a motion for costs and attorney fees incurred by Insurance Company of North America between July 10, 1989, and October 12, 1992, in connection with the company's efforts to recover moneys due it under an indemnity agreement. The amount awarded came to $19,540.56. A motion for reconsideration of the January 7 order was denied on April 5, 1993. These rulings are the subject of the appeal in Case No. 93-1640.
 
 
 2
 On June 4, 1993, the district court denied a request for an order directing that the award of costs and attorney fees be paid in installments pursuant to M.C.L. Sec. 600.6201 et seq. This ruling is the subject of the appeal in Case No. 93-2105.
 
 
 3
 We shall affirm each of the challenged orders.
 
 
 4
 * These are the fourth and fifth appeals stemming from a summary judgment in which the district court enforced an indemnity agreement between plaintiff INA and defendants Dynamic Construction Company and Andrew Kowal. We summarize only those facts believed necessary to an understanding of the issues raised in the current appeals.
 
 
 5
 Dynamic is a construction company owned by Mr. Kowal. The surety bonds that Dynamic routinely posted in the course of its business were written by INA. Before it would write the bonds, INA required Dynamic, Andrew Kowal, and Kowal's wife to execute agreements in which they promised to indemnify INA against any loss or damage arising from claims made under the bonds. The indemnity agreements specifically provided that the indemnitors' liability "include[s] all costs, expenses and attorney's fees incurred or sustained by [INA]...."
 
 
 6
 On October 1, 1981, INA issued a performance bond for Dynamic in favor of the Village of Archbold, Ohio. The bond guaranteed Dynamic's performance of a construction contract and provided assurances that Dynamic's subcontractors would be paid.
 
 
 7
 Dynamic subsequently failed to pay one of the subcontractors on the Archbold project. A claim was made against the bond, the INA was required to pay the subcontractor $433,635.34.
 
 
 8
 INA then brought suit in the district court to recover from Dynamic and the Kowals. Finding the indemnity agreements unambiguous, the district court entered summary judgment in favor of INA. The company was also awarded its attorney fees.
 
 
 9
 A subsequent order -- the first of those involved in the present appeals -- covered further costs and attorney fees incurred by INA in its efforts to satisfy the judgment. Mr. Kowal moved for rehearing or reconsideration, contending that the fees awarded were unreasonable in amount. He also moved that he be allowed to pay the judgment in installments. Both motions were denied, and these appeals followed.
 
 II
 A. Attorney Fees
 
 10
 Mr. Kowal did not raise the issue of the reasonableness of the attorney fees until he moved for reconsideration. The issue was raised too late to be preserved for appeal. See American Meat Institute v. Pridgeon, 724 F.2d 45, 47 (6th Cir. 1984).
 
 
 11
 Even if the issue were properly before us, we would uphold the award. An abuse of discretion standard would apply under both federal and Michigan law -- see Tiemeyer v. Community Mutual Insurance Co., 8 F.3d 1094, 1101-1102 (6th Cir. 1993), cert. denied, 114 S. Ct. 1371 (1994); Daniels v. Daniels, 418 N.W.2d 924, 928 (Mich. Ct. App. 1988) -- and we are satisfied, based on an independent review of the itemized fees, that no abuse of discretion occurred here.
 
 
 12
 Mr. Kowal asks us to examine several other issues pertaining to the fee award, but we decline to do so. These issues were raised for the first time on appeal or, at the earliest, in the motion for reconsideration, and have thus been waived.
 
 B. Installment Payments
 
 13
 The second appeal arises from the district court's denial of the motion, filed pursuant to M.C.L. Sec. 600.6201 et seq. and M.C.R. 3.104, in which Mr. Kowal sought permission to satisfy the judgment in installment payments.
 
 
 14
 Michigan Court Rule 3.104 permits a judgment debtor to seek an order providing for satisfaction of the judgment through installment payments in accordance with M.C.L. Sec. 600.6201 et seq. Section 600.6205(3) states that "[t]he petition of the defendant shall be supported by the affidavit of the moving party setting forth his inability to pay the judgment with funds other than those earned by him as wages...." (Emphasis supplied.) The granting of permission to pay in installments is discretionary with the judge. See id., Sec. 600.6201(1) ("The judge ... may make a written order permitting the defendant to pay the judgment in installments. ...") (emphasis supplied).
 
 
 15
 The record of this case shows that Mr. Kowal has sufficient assets to satisfy the INA judgment. Kowal contends that he is entitled to installment relief because he does not have wages to satisfy the judgment and because it is unreasonable to force him to sell his assets. But Sec. 600.6205(3), as we have seen, tells us that installment relief is designed to protect a defendant who can show an "inability to pay the judgment with funds other than those earned by him as wages...." Mr. Kowal can show no such inability. He does not come within the terms of the statute, and the district court did not abuse its discretion in denying the relief sought.
 
 
 16
 Neither did the district court commit reversible error in failing to hold a hearing on the installment payment petition. M.C.L. Sec. 600.6211(1) refers to a hearing, but does not indicate that the hearing is mandatory. If a hearing was mandatory, the failure to hold it was harmless error, given the magnitude of Mr. Kowal's assets.
 
 
 17
 AFFIRMED.