# STATE OF MICHIGAN

# COURT OF APPEALS

CASEY L. SHIMEL,

       Plaintiff-Appellee,

v

JENNIFER L. MCKINLEY, f/k/a JENNIFER L. SHIMEL,

       Defendant-Appellant.

UNPUBLISHED
April 27, 2017

No. 334571
Presque Isle Circuit Court
LC No. 10-083507-DM

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

In this child custody dispute, defendant appeals by right, after a prior remand from this Court,[1] the trial court's determination that it was in the child's best interests to have primary physical custody with plaintiff. We affirm.

The parties shared joint physical and legal custody of the child after their divorce until late 2015, when the parties, who no longer resided in the same city, agreed that the child should attend a single school rather than different schools pursuant to her alternating residence with the two parties, but could not agree on which school. The trial court previously entered an order purporting to modify parenting time and finding it was in the child's best interests to "attend Onaway Public Schools and have her principal residence with plaintiff during the school year." This Court reversed that order because the trial court failed to appreciate that its ruling effectuated a change in the child's established custodial environment, so the matter was remanded "for the trial court to determine if plaintiff, as the party seeking to change [the child]'s school, established, by clear and convincing evidence, that the change—and resultant modification of parenting time—was in the child's best interest, utilizing the factors set forth in MCL 722.23." On remand, the trial court received additional evidence and considered those statutory best-interest factors, and it found by clear and convincing evidence that primary custody with plaintiff was in the child's best interests.

---

[1] *Shimel v McKinley*, unpublished opinion per curiam of the Court of Appeals, issued February 23, 2016 (Docket No. 329144).

We initially address defendant's contention that the trial court erred in failing to disqualify itself. "The factual findings underlying a ruling on a motion for disqualification are reviewed for an abuse of discretion, while application of the facts to the law is reviewed de novo." *Butler v Simmons-Butler*, 308 Mich App 195, 226; 863 NW2d 677 (2014). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*. "A trial judge is presumed to be unbiased and the party moving for disqualification bears the burden of proving that the motion is justified." *Id*. at 227. Repeated rulings against a party, even if erroneous, do not establish prejudice in the absence of some display of "deep-seated favoritism or antagonism that would make fair judgment impossible." *Cain v Dep't of Corrections*, 451 Mich 470, 496; 548 NW2d 210 (1996) (quotation omitted).

Defendant contends that the trial judge demonstrated prejudice by continuing to rely on and reference defendant's conviction of perjury for lying during the parties' divorce proceedings.[2] Although the trial judge apparently did have personal knowledge of the perjury proceedings, MCR 2.003(C)(1)(c), the facts were not actually disputed. Perjury is a crime containing an element of dishonesty, which makes it directly and significantly relevant to the credibility of a witness. *People v Allen*, 429 Mich 558, 571, 593-594 n 15; 420 NW2d 499, 506 (1988). We do not think that a disagreement between defendant and the trial judge over how significant her perjury conviction might be amounts to a demonstration of bias warranting disqualification.

After the trial judge denied defendant's motion for disqualification, the motion was referred to the chief judge at defendant's request, pursuant to MCR 2.003(D)(3)(a)(*i*). Defendant complains that she was not afforded a hearing on that motion. The court rule requires the chief judge to decide a disqualification motion de novo, but it does not require that a separate hearing be held after the assigned judge denies such a motion. Although defendant complains that she was not able to fully present her reasons for disqualification, the record discloses that the assigned judge was amenable to granting defendant an evidentiary hearing on her motion, but defendant instead agreed that the chief judge could decide the matter on the record established at the motion hearing. The chief judge indicated that he had reviewed the hearing proceedings as part of his de novo review of defendant's motion. Moreover, MCR 2.003(D)(2) required defendant to include all known grounds for disqualification in her motion, or in an accompanying affidavit. Thus, defendant would not have been entitled to present any additional grounds for disqualification that were not included in her motion. We find no error.

Additionally, we accept plaintiff's counsel's observation that the trial court initially awarded joint legal and physical custody despite knowing of defendant's perjury; even perjury involving coaching the child to claim plaintiff hit her, which could reasonably be construed as exceptionally relevant and disturbing under the circumstances. As stated at oral argument by plaintiff's counsel, that the trial court equally split custody even with this knowledge because the

---

[2] In the trial court, defendant contended that "the trial court may be related in some manner to plaintiff's family," see MCR 2.003(C)(1)(g), but no facts in support of that contention were apparently developed, and defendant does not pursue that theory on appeal.

trial court felt the child should have both parents in her life is compelling and highlights how fair the trial court was throughout these proceedings. We think defendant's claim that the trial court was biased is clearly based entirely on having received an outcome with which she disagrees. This borders on frivolity, especially considering defendant's counsel's effective admission at oral argument that had the outcome of the lower court proceedings gone the other way, plaintiff could make the exact same arguments she makes and, ostensibly, prevail. It appears to us that the trial court took great pains to ensure that defendant was treated with fairness for the sake of the child, and being treated fairly is defendant's real objection.

Next, defendant argues that the trial court erred by changing the prior parenting time and custody arrangement without first finding that there was proper cause or a change of circumstances to revisit the prior custody arrangement. We disagree. In a child custody dispute, "[w]e review findings of fact to determine if they are against the great weight of the evidence, we review discretionary decisions for an abuse of discretion, and we review questions of law for clear error." *Kubicki v Sharpe*, 306 Mich App 525, 538; 858 NW2d 57 (2014).

Defendant correctly states that a court, when faced with a request to change custody, must first determine whether the proponent of the change has "established a change of circumstances or proper cause for a custodial change under MCL 722.27(1)(c)." *Kubicki*, 306 Mich App at 540, citing *Vodvarka v Grasmeyer*, 259 Mich App 499, 508–509; 675 NW2d 847 (2003). In relevant part,

> a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors [in MCL 722.23(a)-(l)], and must be of such magnitude to have a significant effect on the child's well-being. When a movant has demonstrated such proper cause, the trial court can then engage in a reevaluation of the statutory best interest factors.
>
> * * *
>
> [T]o establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. [*Vodvarka*, 259 Mich App at 512, 513-514 (emphasis in original).]

Whatever the trial court might have stated regarding its prior order, the trial court complied with this Court's instructions on remand, which is not improper. *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544; 705 NW2d 365 (2005). In any event, we find that the necessary threshold showing was made.

The trial court's original custody order was entered when the child was an infant. During the child's early years, she resided alternately with each party, and was able to attend two different preschools, one near the residence of each party. Both parties agreed that the child should attend a single kindergarten school, and because of the physical distance between the parties, it was simply not possible for the child to alternately reside with each party. There was simply no other solution: the trial court *had* to enter an order that, as this Court previously found, necessarily had the effect of changing the child's custody. These were important matters affecting her welfare, as this Court noted in its earlier decision. *Shimel*, unpub op at 3, citing *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). Given the importance of these matters to MS's well-being, coupled by the parties' inability to agree on which school MS would attend and where she would primarily reside, proper cause or a change of circumstances to revisit the original custody arrangement existed within the *Vodvarka* definition.

Defendant next argues that the trial court erred by failing to consider the parenting time factors in MCL 722.27a(7). By its plain language, MCL 722.27a(7) does not require explicit consideration of the listed factors. Moreover, to the extent some of the factors were relevant, the trial court's extensive consideration of each of the factors in MCL 722.23 makes it "clear from the trial court's statements on the record that the trial court was considering the minor child's best interests in modifying defendant's parenting time," which was sufficient. *Shade v Wright*, 291 Mich App 17, 32; 805 NW2d 1 (2010). In addition, the trial court followed this Court's explicit remand instructions by deciding MS's best interests in light of the best-interest factors in MCL 722.23. We find no error by the trial court.

Finally, defendant challenges the trial court's findings on several of the best-interest factors in MCL 722.23 and by awarding primary custody of the child to plaintiff. Specifically, defendant challenges the trial court's findings concerning best-interest factors (b), (c), (d), (e), (f), (h), (j), and (l) in MCL 722.23, which encompasses the following considerations:

> (b)  The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

> (c)  The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

> (d)  The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

> (e)  The permanence, as a family unit, of the existing or proposed custodial home or homes.

> (f)  The moral fitness of the parties involved.

> * * *

> (h)  The home, school, and community record of the child.

* * *

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

* * *

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23.]

The trial court found the parties equal under the remaining unchallenged factors.

The trial court found that factor (b) favored plaintiff because of a past incident in which the trial court believed that defendant had induced the child to lie about whether plaintiff struck her, which the trial court characterized as "a matter of such terribly poor guidance as to require this factor be scored in favor of plaintiff." The trial court also observed, albeit in discussing factor (*i*), that despite both parties having been instructed not to attempt to influence the child's interview with the judge, the child clearly *had* been coached, impliedly by defendant, who was the party to bring the child to chambers. Notably, defendant does not challenge the assertion that she attempted to have the child lie or the finding that she coached the child for her interview. Because these incidents reflect negatively on defendant's capacity to provide proper guidance for the child, and the evidence does not clearly preponderate in the opposite direction, defendant has not shown that the trial court's finding with respect to factor (b) is against the great weight of the evidence.

Defendant contends that the trial court should not have scored the parties equally under factor (c), asserting that plaintiff failed to provide the child with appropriate medical care. The evidence at the hearing shows at most the parties had a difference of opinion about the severity of an injury the child sustained to her ankle. There was no unambiguous evidence that it was fractured; and plaintiff's testimony about how the child acted after the accident, and the testimony from his mother, who was a nurse, that it was unnecessary to take the child to a doctor support the trial court's finding. Likewise, the testimony regarding less serious issues of insect bites and dry skin do not render the trial court's finding against the great weight of the evidence. Plaintiff presented evidence that he adequately treated MS's itching from her dry skin.

Under factors (d), (e), and (h), the trial court found that the stability of plaintiff's home, coupled with the fact that the child appeared to be thriving in this environment, favored plaintiff. Defendant asserts that this was a disparagement of her status as a single mother, but we find no such disparagement; rather, the trial court merely recognized that the child was presently doing well. Generally, trial courts are required to consider up-to-date information on remands in custody matters. See *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994). The evidence did show that the child has had trouble adjusting to sharing plaintiff's attention with other children, but it also showed that plaintiff and his fiancée were able to address those problems. The child's kindergarten teacher provided testimony supporting a finding that the child had done well in school and made progress socially. We do not find that the trial court's findings on these factors are against the great weight of the evidence.

Defendant contends that the trial court inappropriately continued to focus on her perjury conviction under factor (f), arguing that "immorality" must be pertinent to her ability to parent. The latter contention is true, and the trial court said as much in its order. The trial court did not simply rely on the perjury conviction, but rather on defendant's continued practice of grossly exaggerating, if not outright falsifying, issues in order to win custody. As noted, the trial court implicitly found that defendant had coached the child in contravention of instructions; and it appears that defendant over-reacted to the child's ankle injury, asserting that she sustained a fracture when the actual medical diagnosis was that swelling on the x-ray image precluded ruling out the possibility of a fracture. Furthermore, while perjury *per se* may not directly impact a person's ability to parent, attempting to persuade the child to lie about abuse certainly does. We do not find that the trial court's finding was against the great weight of the evidence.

The trial court found the parties equal under factor (j) without any further explication.[3] Defendant asserts that plaintiff has attempted to limit her contact with the child, but the evidence simply did not establish that to be so. Defendant presented testimony to the effect that plaintiff had deliberately excluded her from some activities with the child. Plaintiff presented text messages showing his willingness to allow defendant to pick the child up earlier due to a forecasted storm, a time when plaintiff had the child call defendant when defendant wanted to talk to her, and a text message picture plaintiff sent to defendant at the child's request about their baby chicks. The evidence was therefore at the most equivocal, so the trial court's finding that the parties were also equivocal was not against the great weight of the evidence.

Finally, defendant's challenge to the trial court's findings under factor (*l*) merely reiterates her opinion that the trial court penalized her for being a single parent. As discussed, the trial court does not appear to have done so. Rather, it discussed the benefit to the child of plaintiff's extended family and the fact that the trial court had no updated information on the role of defendant's father in the child's life. The relative availability of a support network was not discussed in the other factors, and the trial court's finding that the factor favored plaintiff was not against the great weight of the evidence.

We therefore find that the trial court's best-interests findings were not against the great weight of the evidence, and defendant has not shown that the trial court abused its discretion by

---

[3] It would have been better for the trial court to have at least briefly explored why it so found. *Daniels v Daniels*, 165 Mich App 726, 730-731; 418 NW2d 924 (1988). However, the record makes it clear that the trial court did properly consider the pertinent facts, *Fletcher*, 447 Mich at 883-884, and the record is sufficient for us to review it. *Foskett v Foskett*, 247 Mich App 1, 12-13; 634 NW2d 363 (2001). Because defendant did not challenge the adequacy of the trial court's ruling at the time of the hearing, we will not disturb the trial court's order on this basis.

finding that in total they constituted clear and convincing evidence that it was in the child's best interests to award primary custody to plaintiff.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola