WATLING v WATLING

Docket No. 61413. Submitted December 9, 1982, at Lansing.—Decided August 1, 1983.

Sally J. Watling was granted a divorce from Charles T. Watling, Jr., after 20 years of marriage, Shiawassee Circuit Court, Peter J. Marutiak, J. Plaintiff appeals, alleging that the trial court erred in not awarding her a portion of the value of defendant's degree in dentistry, in making a conditional award to her of one-half of defendant's retirement fund, and in awarding her certain banking accounts which were allegedly set up as gifts to the parties' children. *Held:*

1. Under the circumstances of this case, the trial court did not err in not awarding plaintiff a portion of the value of the defendant's degree. A court must focus on the most equitable solution to dividing the parties' possessions. The factors considered in this case lead to the conclusion that the most equitable distribution entails awarding each of the parties the value of their own advanced degrees.

2. The trial court erred in making the award of one-half of defendant's vested pension fund conditional. A vested pension determined to be a marital asset is to be distributed even if it is subject to contingencies.

3. The record is insufficient for appellate review of the issue of whether the bank accounts should have been distributed as marital property. The case is remanded for a determination of whether the bank accounts were, in fact, gifts to the children and, therefore, should be excluded from the marital estate.

Affirmed in part, reversed in part and remanded.

1. Divorce — Equity.

A court, in granting a divorce, must focus on the most equitable

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 7.
[2] 24 Am Jur 2d, Divorce and Separation § 632.
Pension of husband as resource which court may consider in determining amount of alimony. 22 ALR2d 1421.
[3] 24 Am Jur 2d, Divorce and Separation § 626.
34A Am Jur 2d, Federal Taxation ¶ 47,153.

solution to dissolving the marriage and dividing among the respective parties what they have.

2. DIVORCE — MARITAL ESTATE — VESTED PENSION.

A vested pension determined to be a marital asset should be distributed in a divorce judgment even if it is subject to certain contingencies.

3. DIVORCE — MARITAL ESTATE — BANK ACCOUNTS — TAX BENEFITS.

A party to a divorce may not claim that a bank account set up in the name of the parties' child is a part of the marital estate where the account was set up under a statute or revenue ruling which required the parents to relinquish all claim to the account in order to receive tax benefits and the parents did, in fact, receive those tax benefits.

*Rebecca Chapman McClear* and *Clark Shanahan,* for plaintiff.

*Jay M. Terbush, Jr.,* for defendant.

Before: BRONSON, P.J., and T. M. BURNS and ALLEN, JJ.

T. M. BURNS, J. On December 2, 1981, the trial court entered a judgment of divorce in this case. Plaintiff appeals as of right.

The parties married on June 17, 1960. At the time, plaintiff had a bachelor of science degree in education. Defendant completed dental school one year after the marriage. Although plaintiff did not pay the educational expenses, she did pay for the family's support during the year they were married when defendant was in dental school. In September, 1980, they separated. Eleven months later, plaintiff received her master of science degree in education.

The first issue in this case involves defendant's degree in dentistry. Plaintiff argues that the trial court should have awarded her a part of the value of defendant's degree in dentistry. In *Woodworth v*

*Woodworth,* 126 Mich App 258; 337 NW2d 332 (1983), this Court held that the nonstudent spouse was entitled to a percentage of the present value of the other spouse's law degree. There, the parties were married in 1970, when he had a bachelor's degree and she had an associates degree. After both taught in Jonesville for a few years, they moved to Detroit where the plaintiff-husband attended law school. Three years later, they moved to Lansing. They divorced in 1980. In granting the defendant-wife recovery, this Court noted:

"The facts reveal that plaintiff's law degree was the end product of a concerted family effort. Both parties planned their family life around the effort to attain plaintiff's degree. Toward this end, the family divided the daily tasks encountered in living. While the law degree did not preempt all other facets of their lives, it did become the main focus and goal of their activities.

\* \* \*

"We conclude, therefore, that plaintiff's law degree was the result of mutual sacrifice and effort by both plaintiff and defendant. While plaintiff studied and attended classes, defendant carried her share of the burden as well as sharing vicariously in the stress of the experience known as the 'paper chase'.

"We believe that fairness dictates that the spouse who did not earn an advanced degree be compensated whenever the advanced degree is the product of such concerted family investment. The degree holder has expended great effort to obtain the degree not only for him or herself, but also to benefit the family as a whole. The other spouse has shared in this effort and contributed in other ways as well, not merely as a gift to the student spouse nor merely to share individually in the benefits but to help the marital unit as a whole."[1] 126 Mich App 261.

---

[1] See also *Vaclav v Vaclav,* 96 Mich App 584; 293 NW2d 613 (1980), and *Moss v Moss,* 80 Mich App 693; 264 NW2d 97 (1978), *lv den* 402 Mich 946 (1978).

However, the remedy in *Woodworth* is not necessarily the most equitable in the present case. in *Woodworth,* we noted that courts must seek an equitable solution under the facts of each case:

"Yet whether or not an advanced degree can physically or metaphysically be defined as 'property' is beside the point. Courts must instead focus on the most equitable solution to dissolving the marriage and dividing among the respective parties what they have." 126 Mich App 263. (Footnote omitted.)

*Woodworth* also stated:

"We note that this case does not involve the situation where both parties simultaneously earned substantially similar advanced degrees during the marriage. In such a situation, equity suggests that the parties have already amply compensated each other." 126 Mich App 268, 269.

In the present case, we believe that the trial court correctly declined to award plaintiff a percentage of the value of defendant's degree in dentistry. We have arrived at this conclusion after conjoining four factors. First, plaintiff by now has her own advanced degree. While a master's in education may not be as financially remunerative as a degree in dentistry, plaintiff's degree was in the field chosen by her. The parties were married during all but the last year of plaintiff's education toward her advanced degree and defendant contributed financially and in other ways during all but this last year. Second, plaintiff has already been compensated to a large extent for her own contribution toward defendant's degree in dentistry. For 19 of the 20 years the parties were married, plaintiff shared in the benefits of his degree. Third, defendant's current salary and earn-

ing capacity are to a large extent the product of the skill and experience he has acquired as a dentist rather than the product of what he learned during his education. Comment, *The Interest of the Community in a Professional Education,* 10 Cal West L Rev 590, 609-611 (1974). Thus, plaintiff's contribution to defendant's degree has become quite attenuated. Fourth, the parties were married only one year while defendant was in dental school. In *Woodworth,* the parties were married during the entire three-year span of law school attendance. Therefore, under these circumstances, we believe that the most equitable distribution entails awarding plaintiff the value of her advanced degree and awarding defendant the value of his advanced degree.[2]

Plaintiff next argues that the trial court abused its discretion in conditionally awarding to her one-half of defendant's KEOGH retirement fund which was worth $41,500 when the parties separated. The trial court conditioned this award on plaintiff's ability to convince the Internal Revenue Service to allow her to receive her share without incurring any tax penalties. This conditional award was erroneous. A vested pension determined to be a marital asset should be distributed even if it is subject to certain contingencies. *Boyd v Boyd,* 116 Mich App 744, 781; 323 NW2d 553 (1982). Rather than imposing conditions which could possibly diminish or even defeat plaintiff's right to the fund, the trial court could have simply deferred distribution or awarded plaintiff additional marital property and thus allowed defendant to retain the entire pension. 116 Mich App 783.

---

[2] Defendant has requested no compensation for plaintiff's advanced degree.

Plaintiff next argues that the trial court abused its discretion in awarding her certain bank accounts. The parties testified that these accounts had been set up as gifts to their children to lessen their income tax burden. If, of course, the accounts were not the parties' property, the trial court abused its discretion in awarding them to plaintiff. However, defendant testified and now argues that, although he set up the accounts in his children's names, he never intended them as gifts but rather merely called them gifts for income tax purposes.

Unfortunately, for a number of reasons, the record in this case on this issue is insufficient for appellate review. First, the record fails to show whether or not the intent to deliver the savings accounts was ever conveyed to the children. *McLain v McLain,* 108 Mich App 166, 176; 310 NW2d 316 (1981). Second, the record does not show who has controlled the accounts. Third, defendant's past tax returns have not been included as part of the record. Fourth, no one has told us under which statute or revenue ruling the savings accounts were set up. If, on remand, the evidence shows that the parties established the accounts under a statute or revenue ruling which requires them to relinquish all claim to the accounts in order to receive tax benefits, and they did, in fact, receive those tax benefits, we will not allow either party to claim that the accounts are still part of the marital estate.

Conceivably, the parties intended to set up the accounts under Rev Ruling 58-65, 1958-1 CB, 13:

"A savings and loan association, in opening a savings account for a minor, followed an established procedure by which it placed the account in the name of the parents as trustees, subject to the order of either trustee. The trustees are not subject to court order or

other agreement. Under the arrangement, no taxable trust is intended to be created. *Held,* if, under the law of the state in which the minor resides, the savings account legally belongs to the child and the parents are not legally permitted to use any of the funds to satisfy their obligation to support the child, any dividends received on such savings account are taxable to the minor as the beneficial owner thereof."

The tax savings in setting up such a bank account are obvious. Because children usually make less money than their parents, this money would be taxed at a lower rate. But to obtain these savings under this revenue ruling, the accounts must be gifts; the parents cannot retain control. *Garriss Investment Corp v Comm'r,* 43 TCM (CCH) 396 (1982); *Heintz v Comm'r,* 41 TCM (CCH) 429 (1980); *Jolly's Motor Livery Co v Comm'r,* 16 TCM (CCH) 1048 (1957). See also *Heyman v Comm'r of Internal Revenue,* 176 F2d 389 (CA 2, 1949), *cert den* 338 US 904; 70 S Ct 306; 94 L Ed 557 (1949). Defendant's testimony that these accounts were never intended to be gifts would normally preclude the beneficial tax savings under this revenue ruling.

But justice requires us to estop a party from making such a claim. If the evidence on remand shows that defendant claimed tax savings on his income tax forms because of these savings accounts, he will not be heard to argue (absent proof that he has filed an amended return) that he never really intended them as gifts if the applicable statute or ruling in fact requires such an intent. We will not allow a party to claim a benefit at divorce if he is in effect arguing that he has defrauded the government.[3]

---

[3] We realize that both *Potthoff v Potthoff,* 128 Ariz 557; 627 P2d 708 (Ariz App, 1981), and *In re Neilson's Estate,* 57 Cal 2d 733; 22 Cal Rptr 1; 371 P2d 745 (1962), reached a different result. But rather than

Plaintiff also argues that the trial court abused its discretion in denying alimony. However, because we are remanding on the KEOGH account issue and the "children's" savings account issue, the trial court conceivably could redivide the property or award alimony. Therefore, we will not address this issue.

Affirmed in part, reversed in part, and remanded with instructions to proceed according to this opinion. We do not retain jurisdiction.

ruling that a rebuttable presumption is created, we believe that the more just result is to rule that the party is estopped from arguing that he never really intended the gift even though it must have been intended for the party to have received the tax benefits.