# STATE OF MICHIGAN

# COURT OF APPEALS

KBD & ASSOCIATES, INC.,

        Plaintiff/Counter-Defendant,

v

GREAT LAKES FOAM TECHNOLOGIES,

        Defendant/Counter
        Plaintiff/Garnishor Plaintiff-
        Appellant,

and

ROGER LYONS,

        Garnishee Defendant-Appellee.

UNPUBLISHED
August 4, 2015

No. 321126
Jackson Circuit Court
LC No. 10-000408-CK

Before: SERVITTO, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Garnishor plaintiff, Great Lakes Foam Technologies, appeals as of right from the trial court's order granting summary disposition to garnishee defendant, Roger Lyons, under MCR 2.116(C)(10) (no genuine issue of material fact). Lyons is the sole shareholder, director, officer, and employee of KBD & Associates, Inc. We reverse and remand for entry of an order granting summary disposition in favor of garnishor plaintiff, Great Lakes Foam Technologies.

## I. FACTUAL BACKGROUND

In the underlying action, KBD & Associates, Inc., ("KBD") sued Great Lakes Foam Technologies ("Great Lakes"). The result of that litigation was a favorable verdict to Great Lakes that also resulted in an award of costs and attorney fees to Great Lakes in the amount of $53,285.00. Great Lakes then took steps to collect the awarded amount from KBD and, during a deposition of Lyons (as KBD's owner/agent), Lyons acknowledged that KBD's tax return for the year of October 1, 2009, through September 30, 2010, showed an approximately $50,000 withdrawal marked as "loan to shareholder." Lyons testified that the loan was a verbal arrangement and there were no documents evidencing the existence of the loan. Great Lakes then served a writ of garnishment on Lyons. In his garnishee disclosure, Lyons disclosed the existence of a debt to KBD as a "non-liquidated demand note" for which no payment was owed.

-1-

In a later, second deposition, Lyons testified that he could not think of a reason why payment was not owed.

Great Lakes thereafter filed a motion for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine factual dispute and that it was entitled to garnish the debt Lyons owed to Great Lakes' judgment debtor KBD. In his response to this motion, Lyons for the first time argued that the amount marked "loan to shareholder" on KBD's tax return was not in fact a loan but was a distribution not subject to garnishment. At the hearing on Great Lakes' motion, Lyons's counsel argued that characterizing the withdrawal on KBD's tax return was merely an "income deferral method" and that the withdrawal was always intended as a distribution. The trial court stated that no evidence to rebut the statements in Lyons's deposition or the information on the tax returns that the amount was a loan had been submitted. The trial court granted summary disposition to Great Lakes.

Lyons thereafter filed a motion for reconsideration. The motion contained the affidavit of KBD's accountant, CPA Joseph Boswell, who averred that the withdrawal was intended as a distribution. He explained that it had been designated a "loan to shareholder" on KBD's tax return in order "to delay income tax consequences to Roger Lyons, individually." In his attached affidavit, Lyons echoed this explanation. Boswell averred that the entry, known as an "ambiguous withdrawal," is allowed under IRS regulations. Further, "Lyons was informed that the distribution would possibly be eligible to be offset by losses in the future but at some point, the IRS would eventually require some or all of the distribution to be declared as personal income or a dividend. . ."

The trial court granted Lyons's motion for reconsideration and denied Great Lakes' motion for summary disposition. Lyons subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(10). During the hearing on this motion, Lyons's counsel agreed that the IRS would not allow the withdrawal to be classified as a loan indefinitely if it was really intended as a distribution. Relying on *Watling v Watling*, 127 Mich App 624, 629-630; 339 NW2d 505 (1983), the trial court explained that if a party seeks favorable tax treatment by characterizing something one way on tax returns he is estopped from denying that characterization in a court of law. However, the trial court also noted that *Watling* expressly allowed for the possibility that a taxpayer could avoid estoppel by filing amended tax returns. Drawing on language from *Watling*, the trial court stated that if Lyons amended his tax returns and showed he obtained no advantage by characterizing the disputed funds as a loan, then he would be permitted to characterize the funds as a distribution and estoppel would not apply. It thus denied Lyons's motion for summary disposition.

Lyons then amended his tax returns and refiled his motion for summary disposition. The trial court concluded that because Lyons amended his returns and reversed any tax advantage he or KBD may have received, he was no longer estopped from arguing that the amount he received from KBD was a distribution and not a loan. The trial court further concluded that the withdrawal was a distribution and not subject to garnishment. It thus granted Lyons's motion for summary disposition and dismissed Great Lakes' garnishment claim against him with prejudice.

II. STANDARD OF REVIEW

-2-

This Court reviews the trial court's grant of summary disposition pursuant to MCR 2.116(C)(10) "de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

## III. ANALYSIS

"A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id.* at 120. The court considers affidavits, pleadings, depositions, admissions, and other evidence in a light most favorable to the non-moving party. *Id.* "In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The burden then shifts to the party opposing the motion "to establish that a genuine issue of disputed fact exists." *Id.* "A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10)." *Maiden*, 461 Mich at 121. Rather, it is necessary to "set forth specific facts at the time of the motion showing a genuine issue for trial." *Id.*

A "garnishee is liable for . . . all debts, whether or not due, owing by the garnishee to the defendant when the writ is served on the garnishee . . . ." MCR 3.101(G)(1)(d). "[T]he rights and liabilities of the parties depend upon the facts which render the claim one garnishable or not at the time of the service of the writ." *Bethel v Judge of Superior Court*, 57 Mich 379, 381; 24 NW 112 (1885).

The dispositive issue in this case is whether the amount Lyons withdrew from his corporation was a loan (not subject to taxation) subject to potential garnishment, or a shareholder distribution (subject to taxation) not subject to garnishment when the writ of garnishment *was served* on Lyons on September 28, 2011. There is no dispute that the amount was initially recorded as a "loan to shareholder" on KBD's tax return. Lyons also characterized the amount as a debt on his garnishee disclosure filed October 6, 2011, specifically as a "non-liquidated demand note."

Lyons did not argue that the withdrawal was actually a distribution until the body of his brief in response to Great Lakes' motion for summary disposition. However, Lyons did not provide documentary evidence to support this characterization. Therefore, the trial court was correct in initially granting summary disposition to Great Lakes. *Quinto*, 451 Mich at 362.

Lyons did provide documentary evidence in his motion for reconsideration. Specifically, he attached KBD's tax return, a treatise on distinguishing loans from distributions, and two affidavits, one from Lyons's accountant and one from Lyons. The tax return characterizes the withdrawal as a "loan to shareholder." The treatise does lend support to the argument that withdrawals such as Lyons's would be treated as a distribution, but it also states that the distribution would be taxable. There is no indication that Lyons was taxed on the withdrawal as a distribution at the time the writ of garnishment was served.

And, there is nothing in the record to suggest that Lyons could not have presented this material at the time of the original motion. A motion for reconsideration ordinarily should not rest "on a legal theory and facts which could have been pled or argued prior to the trial court's

-3-

original order." See *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). Additionally, Lyons could not create a genuine factual issue through filing the affidavits because a party "may not contrive factual issues . . . in an affidavit after having given damaging testimony in a deposition." *Kaufman & Payton, PC v Nikkila*, 200 Mich App 250, 256-257; 503 NW2d 728 (1993). Therefore, the trial court erred in granting the motion for reconsideration.

Because plaintiff had already attempted to receive tax benefits by characterizing the withdrawal as a loan, he was estopped from arguing it was a distribution at the time of service of the writ. While the trial court relied on *Watling*, 127 Mich App 624, to support its decision, that case differs significantly from the case at bar. *Watling* was a divorce case in which one of the disputed assets consisted of bank accounts that "had been set up as gifts to [the party's] children to lessen their income tax burden." *Id.* at 629. The Court acknowledged the obvious tax savings in having the bank accounts set up in the children's names as opposed to the parents. *Id.* at 630. However, it also explained that in order to receive the tax savings, the accounts had to be actual gifts and that the defendant's testimony that the accounts were not meant to be gifts would preclude the beneficial tax savings. *Id.* The Court ultimately stated that the record was insufficient for appellate review for a variety of reasons, including that there was a lack of evidence regarding who actually owned or controlled the account, that the defendant's past tax returns had not been included as part of the record, and no one identified a statute or revenue ruling under which the savings accounts were set up. *Id.* at 629. The Court stated:

> [i]f, on remand, the evidence shows that the parties established the accounts under a statute or revenue ruling which requires them to relinquish all claim to the accounts in order to receive tax benefits, and they did, in fact, receive those tax benefits, we will not allow either party to claim that the accounts are still part of the marital estate. [*Id.*]

The Court further held that "[i]f the evidence on remand shows that defendant claimed tax savings on his income tax forms because of these savings accounts, he will not be heard to argue (absent proof that he has filed an amended return) that he never really intended them as gifts . . . . We will not allow a party to claim a benefit [in court] if he is in effect arguing that he has defrauded the government." *Id.* This Court added in a footnote that a "party is estopped from arguing that he never really intended the gift even though it must have been intended for the party to have received the tax benefits." *Id.* at 630 n 3.

Here, at the time the writ of garnishment was served on Lyons in September 2011, KBD's 2009-2010 tax returns had not been amended. They were not amended, in fact, until October of 2013. Lyons cannot ask the IRS to treat the withdrawal as a loan to give him favorable tax treatment, but then ask the courts of Michigan to, several years later, treat it as a distribution to avoid garnishment.[1] Lyons's amendment of his tax returns in the midst of

---

[1] Lyons's contention that the IRS allows a distribution to be treated as a "loan" for tax purposes, while at the same time it is not subject to the consequences that a loan entails, including garnishment, is not supported in the record.

garnishment procedures and two years after being served with a writ of garnishment does nothing to prove that at the time the writ was served upon him, the withdrawal was a distribution rather than a loan as it had been documented.

Reversed and remanded for entry of an order granting summary disposition in favor of garnishor plaintiff, Great Lakes Foam Technologies. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Jane M. Beckering
/s/ Mark T. Boonstra